No. 26-5488

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STEPHANIE LYNN BROWN, as mother, guardian, and next friend of minor K.M.K.; in her own capacity,

*Plaintiff-Appellant,*

v.

WASHINGTON INTERSCHOLASTIC ACTIVITIES ASSOCIATION, et al.,

*Defendants-Appellees.*

On Appeal from the United States District Court
For the Western District of Washington
Case No. 3:26-cv-05616-DGE
Hon. David G. Estudillo, District Judge

# JOINDER OF APPELLEE WASHINGTON INTERSCHOLASTIC ACTIVITIES ASSOCIATION

Mary Butler, WSBA #44855
Daniel Park, WSBA #43748
Fatima Al-Rikabi, WSBA #63579
Abigail D. Belscher, WSBA #65032
Attorneys for Washington Interscholastic Activities Association
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
520 Pike Street, Suite 2350
Seattle, WA 98101
Telephone: 206.709.5900
Facsimile: 206.709.5901

# TABLE OF CONTENTS

**INTRODUCTION........................................................................................1**

**ARGUMENT ...........................................................................................2**

**I. THE WIAA JOINS CO-DEFENDANTS' OPPOSITIONS ESTABLISHING THAT APPELLANTS SEEK A DISFAVORED MANDATORY INJUNCTION AND CANNOT DEMONSTRATE LIKELIHOOD OF SUCCESS, IRREPARABLE HARM, OR FAVORABLE EQUITIES. ............2**

A. Appellants Seek an Impermissible Mandatory Injunction That Would Overhaul Statewide Educational Policies Rather Than Preserve the Status Quo. ......................3

B. Appellants Cannot Show Imminent, Non-Speculative Irreparable Harm Before Fall Athletics Begin. ........................................................................................4

C. The District Court's Comprehensive Orders Denying Preliminary Relief Are Entitled to Substantial Deference Under Ninth Circuit Precedent.............................4

D. Spending Clause Principles and Title IX Text Preclude Appellants' Substantive Claims Under Roe v. Critchfield and Pennhurst. .....................................................5

E. Appellants Lack Standing Under Soule, Clapper, and Chung to Seek Retroactive Bracket Edits or Speculative Injury Relief. ...........................................................6

**II. APPELLANTS' ATHLETIC ELIGIBILITY CLAIMS AGAINST WIAA ARE UNRIPE UNDER ARTICLE III BECAUSE K.M.K. HAS NEVER SOUGHT OR BEEN DENIED ADMINISTRATIVE RELIEF UNDER WIAA HARDSHIP RULES. ..........................................................................7**

A. Article III Limits Federal Jurisdiction to Concrete Disputes, Barring Judicial Review of Contingent Administrative Events. .......................................................7

B. Appellants Failed to Utilize WIAA's Established Administrative Hardship Waiver Process Under Rules 18.14.0 and 18.27.0. ............................................................8

C. Appellants Cannot Claim Futility to Bypass WIAA's Specialized Hardship Review Committees. ..........................................................................................8

**III. APPELLANTS CANNOT ESTABLISH MUNICIPAL LIABILITY AGAINST WIAA UNDER 42 U.S.C. § 1983 OR TITLE IX BECAUSE WIAA ACTED PURSUANT TO MANDATORY STATE LAWS AND COMMITTED NO CONSTITUTIONAL VIOLATION. .................................9**

A. WIAA's Gender-Inclusive Participation Policy Complies Directly with Mandatory Washington Non-Discrimination Statutes. ....................................................... 9
B. Following Mandatory State Anti-Discrimination Law Does Not Constitute Intentional Discrimination Under Title IX or Section 1983. .................................. 10
C. Appellants Identify No Recognized Fourteenth Amendment Right to Dictate Extracurricular Eligibility Rules or Compel Private Identity Disclosures. ............... 10
D. Title IX Deliberate Indifference Liability Cannot Attach to WIAA Because WIAA Exercised No Operational Control Over Local Event Staff. .................................... 11

**IV. THE BALANCE OF EQUITIES AND PUBLIC INTEREST STRONGLY DISFAVOR MANDATORY RELIEF THAT WOULD DISRUPT STATEWIDE INTERSCHOLASTIC ATHLETICS AND VIOLATE STUDENT PRIVACY. ........................................................................ 12**

A. An Emergency Injunction Would Cause Severe Mid-Season Operational Disruption Across Hundreds of Washington Public Schools. ................................. 12
B. Compelling Private Identity Surveillance Violates Federal and State Privacy Protections, Including FERPA. ...................................................................... 13

**CONCLUSION ........................................................................................ 13**

# TABLE OF AUTHORITIES

## Cases

Alcoa, Inc. v. Bonneville Power Admin., 698 F.3d 774 (9th Cir. 2012) ......................7
Arizona Dream Act Coal. v. Brewer, 757 F.3d 1053 (9th Cir. 2014)..........................3
Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668 (9th Cir. 1988)......................4
Chung v. WIAA, 538 F. Supp. 3d 1170 (W.D. Wash. 2021)......................................6
City of Seattle v. FERC, 899 F.3d 802 (9th Cir. 2018) ..............................................7
Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013) .................................................6
Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629 (1999) ................................10, 11
Doe v. San Diego Unified Sch. Dist., 19 F.4th 1173 (9th Cir. 2021) ...........................2
Dougherty v. City of Covina, 654 F.3d 892 (9th Cir. 2011).......................................9
Feldman v. Arizona Sec'y of State's Off., 843 F.3d 366 (9th Cir. 2016) ......................2
Garcia v. Google, Inc., 786 F.3d 733 (9th Cir. 2015).................................................2
Goss v. Lopez, 419 U.S. 565 (1975)..........................................................................12
Karasek v. Regents of Univ. of Cal., 956 F.3d 1093 (9th Cir. 2020) ...................10, 11
Mansourian v. Regents of Univ. of Cal., 602 F.3d 957 (9th Cir. 2010)......................10
Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873 (9th Cir. 2009).......................................................................................................................2
Milliken v. Bradley, 418 U.S. 717 (1974)..........................................................12, 13
Mirabelli v. Bonta, 607 U.S. 492 (2026)...................................................................10
Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) ..........................................9, 10
NetChoice v. Bonta, 101 F.4th 633 (9th Cir. 2024) ...............................................2, 4
NetChoice v. Bonta, 761 F. Supp. 3d 1232 (N.D. Cal. 2025) .................................2, 4
Parents for Privacy v. Barr, 949 F.3d 1210 (9th Cir. 2020) ......................................10
Patel v. Facebook, Inc., 932 F.3d 1264 (9th Cir. 2019)...............................................7
Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1 (1981) ................................5
Roe v. Critchfield, 137 F.4th 912 (9th Cir. 2025)...........................................2, 5, 10
Soule v. Conn. Ass'n of Schs., Inc., 90 F.4th 34 (2d Cir. 2023) (en banc)..........5, 6, 10
Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998).......................................6

Stormans, Inc. v. Selecky, 586 F.3d 1109 (9th Cir. 2009)........................................7, 8
Texas v. United States, 523 U.S. 296 (1998)..............................................................7
United States v. California, 173 F.4th 1060 (9th Cir. 2026)..................................2, 12
West Virginia v. B.P.J., 146 S. Ct. 2356 (2026)........................................................5
Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008) .............................2, 12, 13

## Constitutional Provisions

U.S. Const. art. III, § 2 ...........................................................................................7
U.S. Const. amend. XIV ..........................................................................................10

## Statutes

20 U.S.C. § 1232g (Family Educational Rights and Privacy Act - FERPA)...............13
20 U.S.C. § 1681 (Title IX of the Education Amendments of 1972) .................5, 9, 10
42 U.S.C. § 1983.........................................................................................9, 10
Washington Law Against Discrimination, RCW 49.60.040.............................1, 9, 10
RCW 28A.600.200..........................................................................................7
RCW 28A.642.010..................................................................................1, 9, 10
RCW 28A.642.050.........................................................................................13
RCW 28A.642.080...........................................................................................9
RCW 70.58A.540...........................................................................................13

## Rules

Fed. R. App. P. 28(i) ..............................................................................1, 2
Ninth Circuit Rule 27-3 ...........................................................................2

## Regulations

34 C.F.R. § 106.41 ................................................................................10
WAC 392-190-025...........................................................................1, 9, 10

## INTRODUCTION

Appellants Stephanie Lynne Brown and minor K.M.K. seek the extraordinary remedy of an emergency mandatory injunction pending appeal.[1] Appellants request that this Court override the District Court's well-reasoned orders denying preliminary injunctive relief and an injunction pending appeal to impose immediate statewide and district-level operational mandates.[2]

Appellants fail to satisfy the demanding standard for injunctive relief pending appeal. First, under Federal Rule of Appellate Procedure 28(i), Defendant-Appellee Washington Interscholastic Activities Association (WIAA) joins and incorporates the oppositions filed by Co-Defendants State Defendants and Puyallup School District, which demonstrate that Appellants cannot show a likelihood of success on the merits, imminent irreparable harm, or favorable equities.[3] Second, as to WIAA specifically, Appellants' claims are completely unripe because K.M.K. has never availed herself of, nor been denied eligibility under, WIAA's established administrative hardship procedures.[4] Third, Appellants cannot establish municipal liability against WIAA under 42 U.S.C. § 1983 because WIAA acted in accordance

---

[1] See Fed. R. App. P. 28(i); State Defendants' Opposition to Plaintiffs' Emergency Motion (USDC Dkt. 36.1); Response of Puyallup School District to Emergency Motion (USDC Dkt. 38.1).
[2] Order Denying Motion for Preliminary Injunction, SER_338–399; USDC Dkt. 58; Order Denying Motion for Injunction Pending Appeal, SER_003–007; USDC Dkt. 71.
[3] USDC Dkt. 36.1 at pp. 2–5; USDC Dkt. 38.1 at pp. 4–8.
[4] WIAA-SER_50; WIAA Handbook Rules 18.14.0 & 18.27.0.

with binding state non-discrimination laws and committed no underlying constitutional violation.[5]

Accordingly, WIAA respectfully requests that Appellants' Emergency Motion be denied.

## ARGUMENT

### I. THE WIAA JOINS CO-DEFENDANTS' OPPOSITIONS ESTABLISHING THAT APPELLANTS SEEK A DISFAVORED MANDATORY INJUNCTION AND CANNOT DEMONSTRATE LIKELIHOOD OF SUCCESS, IRREPARABLE HARM, OR FAVORABLE EQUITIES.

Pursuant to FRAP 28(i), the WIAA formally joins and adopts by reference the arguments, authorities, and evidentiary records set forth in the opposition filings of Co-Defendants State Defendants and Puyallup School District.[6]

Appellants fail to satisfy the rigorous standard required for the extraordinary remedy of an injunction pending appeal under Federal Rule of Appellate Procedure 8(a) and Ninth Circuit Rule 27-3.[7]

#### A. Appellants Seek an Impermissible Mandatory Injunction That Would Overhaul Statewide Educational Policies Rather Than Preserve the Status Quo.

In evaluating a motion for an injunction pending appeal, courts apply a standard similar to that governing preliminary injunctions.[8] The moving party must

[5] RCW 49.60.040 (WLAD); RCW 28A.642.010; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).
[6] Fed. R. App. P. 28(i); USDC Dkt. 36.1; USDC Dkt. 38.1.
[7] Fed. R. App. P. 8(a); 9th Cir. R. 27-3.
[8] *Feldman v. Arizona Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc).

establish a likelihood of success on the merits of the appeal, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the movant's favor, and that an injunction is in the public interest.[9] Where a movant requests a mandatory injunction—an order compelling affirmative action that alters the status quo rather than preserving it—the burden is exceptionally heavy.[10]

A mandatory injunction is subject to a higher standard than a prohibitory injunction and should not issue unless the facts and law clearly favor the moving party.[11] Appellants' emergency motion does not seek to preserve the baseline status quo.[12] Rather, Appellants demand an extraordinary mandatory injunction that would force school districts and statewide athletic bodies to overhaul existing gender-inclusive participation guidelines, institute identity tracking protocols, and grant specific athletic waivers without administrative review.[13]

### B. Appellants Cannot Show Imminent, Non-Speculative Irreparable Harm Before Fall Athletics Begin.

Appellants assert that emergency relief is urgently required by September 25, 2026, yet high school girls' wrestling competition does not begin until mid-

[9] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. California*, 173 F.4th 1060, 1066 (9th Cir. 2026); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177 n.4 (9th Cir. 2021).
[10] *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).
[11] *Roe v. Critchfield*, 137 F.4th 912, 921 (9th Cir. 2025); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).
[12] *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1061 (9th Cir. 2014).
[13] *Appellants' Emergency Motion* (USDC Dkt. 17.1 at pp. 26–27); USDC Dkt. 36.1 at pp. 12–15; USDC Dkt. 38.1 at pp. 6–8.

November.[14] Her ability to participate in soccer has not been appropriately raised to the WIAA. Moreover, K.M.K.'s intra-district transfer request to Puyallup High School was approved on an expedited timeline, and Puyallup School District provided a parking pass accommodation, granting her requested educational transfer outside this litigation and rendering those emergency demands moot.[15] Appellants' allegations of future athletic harm remain entirely speculative.[16]

### C. The District Court's Comprehensive Orders Denying Preliminary Relief Are Entitled to Substantial Deference Under Ninth Circuit Precedent.

When the district court has already conducted a full evidentiary evaluation and denied preliminary relief, that prior decision carries significant weight, and the Ninth Circuit will not grant relief pending appeal absent circumstances of unusual magnitude.[17] Here, Chief Judge Estudillo issued two detailed orders denying preliminary relief, and Appellants offer no new evidence or controlling legal authority that was overlooked below.[18]

### D. Spending Clause Principles and Title IX Text Preclude Appellants' Substantive Claims Under *Roe v. Critchfield* and *Pennhurst*.

Under binding Ninth Circuit precedent, clear notice under *Pennhurst State School & Hospital v. Halderman* applies fully to claims for injunctive relief under

[14] WIAA Handbook Rule 18.16.0, App_012; USDC Dkt. 17.1 at p. 1; USDC Dkt. 36.1 at p. 3.
[15] SER_007; PSD-SER_037–038; PSD-SER_043–045.
[16] *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); SER_391–393.
[17] *NetChoice v. Bonta*, 101 F.4th 633, 638 (9th Cir. 2024); *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1236 (N.D. Cal. 2025).
[18] WIAA SER_003-007;; USDC Dkt. 58; 054-115; USDC Dkt. 71.

Spending Clause statutes, including Title IX.[19] In *Roe v. Critchfield*, this Court affirmed that Spending Clause recipients cannot be subjected to judicial remedies under Title IX unless the statute provided unambiguous notice that the specific conduct at issue was unlawful.[20] Here, Title IX contains no clear statement prohibiting gender-inclusive participation rules that comply with state civil rights laws.[21]

**E. Appellants Lack Article III Standing to Seek Retroactive Alterations to Wrestling Match Results Under *Steel Co. and Clapper*.**

Appellants rely on *Soule v. Connecticut Ass'n of Schools, Inc*. to argue that K.M.K. has standing to seek an injunction retroactively altering past wrestling match records.[22] However, unlike track-and-field race times which represent independent numerical variables on a leaderboard, high school wrestling involves interdependent 1-on-1 bracket elimination pairings.[23] A court cannot retroactively rewrite a completed wrestling bracket without engaging in pure speculation.[24] Retroactively editing historical records to award a moral victory yields only non-cognizable 'psychic satisfaction' under *Steel Co. v. Citizens for a Better Environment*.[25]

---

[19] *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981); *Roe v. Critchfield*, 137 F.4th 912, 929–30 (9th Cir. 2025).
[20] *Roe v. Critchfield*, 137 F.4th at 929–30; *West Virginia v. B.P.J.*, 146 S. Ct. 2356, 2367 n.1 (2026).
[21] USDC Dkt. 36.1 at pp. 20–24.
[22] *Soule v. Conn. Ass'n of Schs., Inc*., 90 F.4th 34, 47 (2d Cir. 2023) (en banc).
[23] App_ 004-077; USDC Dkt. 1 ¶ 49; WIAA Handbook Rule 18.16.0.
[24] Order Denying PI, WIAA-SER_054-115; USDC Dkt. 58 at 52–54.
[25] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998); *Soule*, 90 F.4th at 82 (Chin, J., dissenting).

Furthermore, under *Clapper v. Amnesty Int'l USA* and *Chung v. WIAA*, future athletic matchups remain entirely speculative.[26]

## II. APPELLANTS' ATHLETIC ELIGIBILITY CLAIMS AGAINST WIAA ARE UNRIPE UNDER ARTICLE III BECAUSE K.M.K. HAS NEVER SOUGHT OR BEEN DENIED ADMINISTRATIVE RELIEF UNDER WIAA HARDSHIP RULES.

Appellants' motion seeking a judicial order compelling WIAA to grant K.M.K. immediate varsity athletic eligibility at Puyallup High School is unripe for judicial adjudication under Article III of the United States Constitution because Appellants have failed to apply for or exhaust WIAA's established administrative hardship waiver procedures.[27]

### A. Article III Limits Federal Jurisdiction to Concrete Disputes, Barring Judicial Review of Contingent Administrative Events.

Article III limits federal court jurisdiction to actual, ongoing cases and controversies.[28] Ripeness is a constitutional doctrine drawn from Article III and prudential principles designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies.[29]A claim is not ripe for judicial review if it rests upon

[26] *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013); *Chung v. WIAA*, 538 F. Supp. 3d 1170, 1178 (W.D. Wash. 2021); USDC Dkt. 47 at 25.
[27] Appellants' Emergency Motion (USDC Dkt. 17.1 at pp. 26–27).
[28] U.S. Const. art. III, § 2; *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019).
[29] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1122 (9th Cir. 2009) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)); *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 793 (9th Cir. 2012).

contingent future events that may not occur as anticipated, or indeed may not occur at all.[30]

## B. Appellants Failed to Utilize WIAA's Established Administrative Hardship Waiver Process Under Rules 18.14.0 and 18.27.0.

WIAA's governing framework incorporates a clear administrative structure. WIAA is a voluntary non-profit organization of member schools delegated authority to regulate interscholastic sports under state statute.[31] Under WIAA Handbook Rules 18.0.0 through 19.0.0, transfer student eligibility is evaluated initially by the receiving school's Athletic Director.[32] When a student transfers without a corresponding change of family residence, WIAA Handbook Rule 18.14.0 and Rule 18.27.0 establish a comprehensive administrative process to petition for a Hardship Waiver before the local WIAA District Eligibility Committee.[33] If a hardship waiver is denied, Rule 19.0.0 provides a direct administrative appeal to the WIAA Executive Director.[34] Here, Appellants have never submitted an application for a WIAA hardship waiver, nor has any WIAA committee or official issued a decision regarding K.M.K.'s eligibility.[35]

[30] *Texas v. United States*, 523 U.S. 296, 300 (1998); *City of Seattle v. FERC*, 899 F.3d 802, 812 (9th Cir. 2018).
[31] RCW 28A.600.200; SER_006.
[32] WIAA Handbook Rule 18.0.0, SER_078–127; SER_050.
[33] WIAA Handbook Rule 18.14.0; WIAA Handbook Rule 18.27.0, WIAA_SER_116-249
[34] WIAA Handbook Rule 19.0.0, WIAA_SER_116-249
[35] WIAA-SER 048-053.

### C. Appellants Cannot Claim Futility to Bypass WIAA's Specialized Hardship Review Committees.

Appellants contend that pursuing WIAA administrative remedies would be futile because WIAA Handbook Rule 18.12.2.9 restricts transfer eligibility. This argument misconstrues WIAA's regulatory framework. Rule 18.12.2.9 sets the general rule for transfer students, but Rule 18.14.0 and Rule 18.27.0 specifically empower WIAA committees to grant hardship waivers overriding Rule 18.12.2.9 upon a showing of unique physical, emotional, or safety circumstances.[36] Appellants cannot claim futility when they have refused to submit the very hardship packet designed to address such circumstances.[37]

## III. APPELLANTS CANNOT ESTABLISH MUNICIPAL LIABILITY AGAINST WIAA UNDER 42 U.S.C. § 1983 OR TITLE IX BECAUSE WIAA ACTED PURSUANT TO MANDATORY STATE LAWS AND COMMITTED NO CONSTITUTIONAL VIOLATION.

Appellants cannot establish a likelihood of success on the merits against WIAA under 42 U.S.C. § 1983 or Title IX because WIAA's gender-inclusive participation policy was adopted to comply with mandatory Washington state anti-discrimination statutes, and Appellants fail to establish an underlying constitutional or statutory violation.[38]

---

[36] WIAA Handbook Rule 18.14.0; WIAA Handbook Rule 18.27.0, WIAA_SER_116-249
[37] *Stormans*, 586 F.3d at 1122.
[38] USDC Dkt. 36.1 at pp. 25–28.

### A. WIAA's Gender-Inclusive Participation Policy Complies Directly with Mandatory Washington Non-Discrimination Statutes.

To establish liability against a state actor or voluntary association under 42 U.S.C. § 1983, a plaintiff must satisfy the requirements of *Monell v. Department of Social Services*.[39] Where a municipal entity or state actor merely complies with non-discretionary state statutory mandates, its compliance does not constitute an unconstitutional custom or deliberate indifference under Section 1983.[40] WIAA Rule 18.16.0 provides that all students shall have the opportunity to participate in WIAA athletics in a manner consistent with their gender identity.[41] This policy was adopted to comply directly with binding Washington statutes that prohibit discrimination in public schools on the basis of gender identity and expression.[42]

### B. Following Mandatory State Anti-Discrimination Law Is Not an Intentional Statutory Violation Under *Mansourian* and *Roe v. Critchfield*.

Appellants rely on *Mansourian v. Regents of the University of California* to argue that Spending Clause notice does not apply when an entity adopts an official policy.[43] *Mansourian* is readily distinguishable. In *Mansourian*, UC Davis intentionally eliminated female varsity wrestling in direct violation of established Title IX regulations.[44] By contrast, WIAA Rule 18.16.0 was enacted to comply with

---

[39] 436 U.S. 658, 694 (1978); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).
[40] *Monell*, 436 U.S. at 694; Dougherty, 654 F.3d at 900.
[41] WIAA Handbook Rule 18.16.0, WIAA_SER_116-249
[42] RCW 28A.642.010; RCW 28A.642.080; RCW 49.60.040(28); WAC 392-190-025.
[43] *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 967 (9th Cir. 2010).
[44] *Mansourian*, 602 F.3d at 967.

mandatory state civil rights statutes, including the Washington Law Against Discrimination (WLAD, RCW 49.60) and RCW 28A.642.010. [45] Enforcing a facially neutral state anti-discrimination statute in good faith is not an intentional violation of clear statutory conditions under *Roe v. Critchfield*.[46]

### C. Appellants Identify No Recognized Fourteenth Amendment Right to Dictate Extracurricular Eligibility Rules or Compel Private Identity Disclosures.

Appellants claim that Rule 18.16.0 violates Plaintiff Stephanie Brown's Fourteenth Amendment parental rights. As the District Court correctly held, substantive due process does not grant parents an absolute right to dictate extracurricular athletic policies or compel public entities to disclose private gender-identity information regarding other minor students.[47] Because no underlying constitutional right was violated, WIAA cannot be liable under Section 1983.[48]

### D. Title IX Deliberate Indifference Liability Cannot Attach to WIAA Because WIAA Exercised No Operational Control Over Local Event Staff.

WIAA maintains no operational authority over local school district investigations or day-to-day student discipline.[49] WIAA was not notified of K.M.K.'s underlying incident until long after it occured, and WIAA possesses no authority under its handbook to conduct local Title IX investigations.[50] Because WIAA lacked

---

[45] RCW 49.60.040; RCW 28A.642.010; WAC 392-190-025.
[46] *Roe v. Critchfield*, 137 F.4th 912, 929–30 (9th Cir. 2025); *Soule*, 90 F.4th at 91–92 (Chin, J., dissenting).
[47] *Mirabelli v. Bonta*, 607 U.S. at 498; *Parents for Privacy v. Barr*, 949 F.3d 1210, 1222 (9th Cir. 2020); SER_362–366.
[48] *Monell*, 436 U.S. at 694; SER_366.
[49]WIAA Handbook Rule 18.0.0, WIAA_SER_116-249
[50] WIAA_SER_116-249

operational control over the local athletic event staff and took no unreasonable action, Title IX liability cannot attach under *Davis v. Monroe County Board of Education*.[51]

## IV. THE BALANCE OF EQUITIES AND PUBLIC INTEREST STRONGLY DISFAVOR MANDATORY RELIEF THAT WOULD DISRUPT STATEWIDE INTERSCHOLASTIC ATHLETICS AND VIOLATE STUDENT PRIVACY.

The final Winter factors—the balance of equities and the public interest—weigh decisively against granting Appellants' requested emergency injunction pending appeal.[52]

### A. An Emergency Injunction Would Cause Severe Mid-Season Operational Disruption Across Hundreds of Washington Public Schools.

When evaluating a motion for injunctive relief pending appeal, courts must balance the competing claims of injury and consider the effect on each party of the granting or withholding of the requested relief, giving significant weight to the public interest.[53] Compelling WIAA to modify its athletic participation rules mid-season would disrupt established eligibility expectations for hundreds of member schools and thousands of student-athletes.[54]

---

[51] 34 C.F.R. § 106.41; *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1105 (9th Cir. 2020).
[52] *Winter*, 555 U.S. at 20; SER_396–398.
[53] *Winter*, 555 U.S. at 24; United States v. California, 173 F.4th at 1066.
[54] USDC Dkt. 36.1 at pp. 30–32.

**B. Compelling Private Identity Surveillance Violates Federal and State Privacy Protections, Including FERPA.**

Ordering WIAA or school districts to investigate and disclose private gender-identity information regarding third-party minor student-athletes would force educational entities into direct conflict with federal and state privacy statutes, including FERPA (20 U.S.C. § 1232g) and state vital statistics protection laws.[55] Forcing member schools to exclude student-athletes based on gender identity would expose school districts to enforcement actions and funding penalties under state law.[56]

## CONCLUSION

For the reasons set forth above, as well as those presented in the joined oppositions of State Defendants and Puyallup School District, Defendant-Appellee Washington Interscholastic Activities Association respectfully requests that Appellants' Emergency Motion for Injunction Pending Appeal be DENIED.

///

///

///

///

[55] 20 U.S.C. § 1232g (FERPA); RCW 70.58A.540; PSD-SER_042–044.
[56] RCW 28A.642.050; 4-ER-616; USDC Dkt. 36.1 at pp. 30–32.

DATED September 17, 2026.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

*/s/ Mary Butler*
*/s/ Daniel J. Park*
*/s/ Fatima Al-Rikabi*
*/s/ Abigail D. Belscher*
Mary Butler, WSBA #44855
Daniel Park, WSBA #43748
Fatima Al-Rikabi, WSBA #63579
Abigail D. Belscher, WSBA #65032
520 Pike Street, Suite 2350
Seattle, WA 98101
Telephone: 206.709.5900
Facsimile: 206.709.5901
Mary.Butler@wilsonelser.com
Daniel.Park@wilsonelser.com
Fatima.Al-Rikabi@wilsonelser.com
Abigail.Belscher@wilsonelser.com

***Attorneys for Defendant Washington Interscholastic Activities Association***

## CERTIFICATE OF COMPLIANCE

This Joinder complies with the word limit of Cir. R. 27-1(1)(d) and Cir. R. 32-3 because it contains 2,706 words, excluding parts exempted by Fed. R. App. P. 32(f).

This Joinder complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word using a proportionally spaced typeface, 14-point Times New Roman.

Dated: September 17, 2026

*/s/ Mary Butler*

*/s/ Daniel J. Park*

*/s/ Fatima Al-Rikabi*

*/s/ Abigail D. Belscher*

Mary Butler, WSBA #44855
Daniel Park, WSBA #43748
Fatima Al-Rikabi, WSBA #63579
Abigail D. Belscher, WSBA #65032